

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## NUMBER 13-11-00500-CV

CHARLES E. SMITH AND BETTY M. SMITH,
INDIVIDUALLY, AND AS TRUSTEES FOR
THE SMITH FAMILY TRUST,             Appellants,

**v.**

ARAMARK CORPORATION,             Appellee.

---

## NUMBER 13-11-00708-CV

CHARLES E. SMITH AND BETTY M. SMITH,
INDIVIDUALLY AND AS TRUSTEES FOR
THE SMITH FAMILY TRUST,             Appellants,

**v.**

LONG ISLAND VILLAGE OWNERS ASSOCIATION, INC.
F/K/A OUTDOOR RESORTS/SOUTH PADRE OWNER'S
ASSOCIATION, INC. AND PAST AND PRESENT BOARD
OF DIRECTORS OF LONG ISLAND OWNERS
ASSOCIATION, INC. F/K/A OUTDOOR RESORTS/SOUTH
PADRE OWNER'S ASSOCIATION, INC.,             Appellee.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza, and Perkes
### Memorandum Opinion Per Curiam

The appellants' brief in the above causes was due on February 27, 2013. On March 26, 2013, a motion for extension of time to file the brief was received, and on March 27, 2013, the extension was granted until April 22, 2013. The appellants' brief was received on April 26, 2013, but was not in compliance with the Texas Rules of Appellate Procedure. On May 1, 2013, appellant was directed to file an amended brief that complies with Texas Rules of Appellate Procedure 9.4(e), 9.4(i)(3) and 38.1(k), and a motion for leave.

Appellants did not file a brief and on May 30, 2013, the Clerk of the Court notified appellant that the brief failed to comply with Rule 9.4 (e), 9.4(i)(3), and 38.1(k). *See generally* TEX. R. APP. P. 9.4(e), 9.4(i)(3) and 38.1(k). A brief produced on a computer, is required to be printed in a conventional typeface no smaller than 14-point except for footnotes, which must be no smaller than 12-point. *See* TEX. R. APP. P. 9.4 (e). Appellants' brief is not printed in typeface at least 14-point as required by Rule 9.4(e), does not contain a certificate of compliance stating the number of words in the document as required by Rule 9.4 (i)(3), and does not contain an appendix as required by Rule 38.1(k). *See Id.* 9.4(e), 9.4(i)(3), 38.1(k).

Appellants were directed to file an amended brief in compliance with the Texas Rules of Appellate Procedure within ten days of the date of the letter, and notified that if

the Court received another brief that did not comply, the Court may strike the brief, prohibit appellant from filing another, and proceed as if appellant had failed to file a brief, under which circumstances the Court may affirm the judgment or dismiss the appeal. *See id.* 38.9(a), 42.3(b),(c). Appellants have failed to respond to the Court's notice.

If the appellate court determines that the briefing rules have been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. TEX. R. APP. P. 38.9(a); *see id.* R. 44.3 ("A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities."). A reasonable time is given to an appellant when he is provided with an opportunity to amend his brief. *See Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). If the appellant files another brief that does not comply with the rules of appellate procedure, the appellate court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief. TEX. R. APP. P. 38.9(a). Pursuant to Texas Rule of Appellate Procedure 38.8(a), where an appellant has failed to file a brief, the appellate court may dismiss the appeal for want of prosecution. *Id.* R. 38.8(a).

Accordingly, we strike appellants' non-conforming brief and order the appeals DISMISSED FOR WANT OF PROSECUTION. *See* TEX. R. APP. P. 38.8(a), 38.9(a), 42.3(b), (c).

PER CURIAM

Delivered and filed the
11th day of July, 2013.

3